UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SWINERTON BUILDERS,

              Plaintiff,

v.

LEXINGTON INSURANCE COMPANY,

              Defendant.

Case No. 2:21-cv-259-RAJ-TLF

ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANT'S MOTION FOR PROTECTIVE ORDER ON PLAINTIFF'S FRCP 30(B)(6) TOPICS

This matter comes before the Court on Lexington Insurance Company's ("Lexington") motion for protective order. Dkt. 33. The Court has considered the briefs and documents filed in support of and in opposition to the motion, as well as the balance of the record, and has considered the information presented during the January 20, 2022 discovery conference. Based on the reasoning discussed below, the Court denies the motion for protective order as to topics 5, 17, 24, 25. The Court grants the motion for protective order as to the remaining topics that are the subject of the motion: 6, 7, 8, 9, 10, 11, 12, 13.

FACTUAL AND PROCEDURAL BACKGROUND

This litigation arises from an insurance dispute related to a construction project for two 12-story office buildings in Seattle. Dkt. 1, Complaint. The insurance policy lists Kilroy Realty Corporation ("Kilroy") as the named insured. Dkt. 1 at 3. KR 333 Dexter, LLC was the owner of the project. *Id.* KR 333 Dexter, LLC entered into an agreement for

ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANT'S MOTION FOR PROTECTIVE ORDER ON PLAINTIFF'S FRCP 30(B)(6) TOPICS - 1

construction of the project – with Swinerton Builders (Swinerton), the plaintiff, as general contractor. *Id.* The agreement for the construction project required that Swinerton would be recognized as an Additional Insured on the project. *Id.*

The insurance policy at issue in this litigation is attached to the Complaint and incorporated by reference. Dkt. 1, Complaint, Ex. A, at 32-63 (Builders Risk Policy No. 020715732). Plaintiff was an additional insured on the Builders Risk Policy issued by Lexington Insurance Company (Lexington), the defendant. Dkt. 33, Motion for Protective Order, at 3; Dkt. 37, Plaintiff's Response, at 4.

According to the Complaint, on October 5, 2018, November 27, 2018 and December 18, 2018, rain events occurred, and Swinerton submitted claims to Lexington seeking coverage for damage to concrete slab floors (Concrete Slab Claims) located at the insured project. Dkt. 1, Ex. B, Claim Denial Letter (08/03/2020), at 65. Swinerton tendered these three claims to Lexington under the Builders Risk Policy, and Lexington received the Concrete Slab Claims (total amount of claims for concrete slab damage, exclusive of prejudgment interest: $1,212,442.45). Dkt. 1 at 7. On May 17, 2019, June 20, 2019, and July 10, 2019, other rain events occurred, and Swinerton also submitted claims to Lexington for coverage as to damage to the bus duct system (Bus Duct Claims) from those rain events. Dkt. 1 at 8. Swinerton tendered these three claims to Lexington under the Builders Risk Policy, and Lexington received the Bus Duct Claims (total amount of claims for bus duct coverage, exclusive of prejudgment interest: $355,560.37). Dkt. 1 at 8.

On August 3, 2020, Crawford Global Technical Services – an independent adjuster – issued a letter on behalf of Lexington denying Swinerton's claims. Dkt. 1, Ex.

ORDER GRANTING IN PART, AND DENYING IN
PART, DEFENDANT'S MOTION FOR PROTECTIVE
ORDER ON PLAINTIFF'S FRCP 30(B)(6) TOPICS - 2

B, Claim Denial Letter (08/03/2020), at 65. The letter informed Swinerton that Lexington denied the claims pursuant to the following policy exclusions:

> B. Faulty or defective workmanship or materials, unless direct physical loss or damage by an insured peril ensues and then this policy will cover for such ensuing loss or damage only;
>
> C. Fault, defect, error, deficiency or omission in design, plan or specification, unless direct physical loss or damage by an insured peril ensues and then this policy will cover for such ensuing loss or damage only;
>
> R. Loss, damage, or expense arising from, contributed to, or resulting from rain, snow, sleet, or ice, all whether wind driven or not, entering the interior of any building(s) or structure(s) including, but not limited to, the roof and outside walls, is complete, and then only if said exterior of the building(s) or structure(s) first sustains physical damage by an insured peril through which the rain, snow, sleet or ice enters.

Dkt. 1, Denial Letter (08/03/2020) at 67.

An interior water damage coverage extension, according to the parties' stipulation, was intended – during the underwriting process -- to be in the Policy. Dkt. 32, Stipulation Regarding Exclusion R; Dkt. 40, Email discussing interior water damage extension (07/31/2017), at 2-4; Dkt. 40 Proposed Interior Water Damage Extension Endorsement, at 6. After the Builders Risk Policy was issued, the parties discovered that as a result of a mistake the Policy was issued without the Interior Water Damage Extension Endorsement. Dkt. 32, Stipulation Regarding Exclusion R.

The parties' stipulation provides:

1. For purposes of these claims only, Lexington agrees to not rely on Exclusion R. of the Policy. All other Policy terms, conditions, and exclusions shall apply to the current claims.
2. For purposes of these claims only, Lexington and Swinerton agree that, as the result of a mistake, the Policy was issued without any interior water damage coverage extension. The parties' intent during underwriting the Policy was that coverage provided under the Policy would be extended to cover loss or damage to insured property caused

ORDER GRANTING IN PART, AND DENYING IN
PART, DEFENDANT'S MOTION FOR PROTECTIVE
ORDER ON PLAINTIFF'S FRCP 30(B)(6) TOPICS - 3

      by, arising out of, contributed to, or resulting from rain, snow, sleet or ice, all whether wind driven or not, entering the interior of any building or structure undergoing construction or renovation *without* first sustaining any damage to the exterior of the building or structure and whether or not the roof and outside walls are complete. The term "complete" means "dried in" defined as final roofing installed according to the project specification; and exterior TYVEK wrap or similar equivalent water barrier installed; and windows installed all per project specifications.

3. Further, for purpose of these claims only, Lexington and Swinerton agree that the parties' intent during underwriting the Policy was that the insured will take all appropriate precautions to avoid loss or damage to insured property from the perils stated above.
4. Further, for purpose of these claims only, and as a compromise to avoid the time and expense involved in reformation of the Policy, Lexington agrees that the Water Damage Deductible will remain as $25,000 per Occurrence.

Dkt. 32, Stipulation Regarding Exclusion R. (emphasis in original).

On October 11, 2021, Swinerton served a Notice of Deposition of Lexington pursuant to Federal Rule of Civil Procedure 30(b)(6). Dkt. 34-1, Plaintiff Swinerton Builders' Notice of 30(b)(6) Deposition of Lexington Insurance Company. Lexington served objections to Swinerton's Notice of Deposition. Dkt. 34-3, Objections to Plaintiff Swinerton Builders' Notice of FRCP 30(b)(6) Deposition of Lexington Insurance Company. The parties met and conferred regarding the objections but were unable to resolve the discovery issues presented in Lexington's motion. Dkt. 34, Declaration of Thomas Lether, at ¶¶ 2-3; Dkt. 38, Declaration of Joseph L. Olivia, at ¶¶ 12-13.

Lexington has filed this motion requesting that the Court issue a protective order regarding Swinerton's notice of deposition. Dkt. 33. Lexington seeks a protective order regarding topics 5, 6, 7, 8, 9, 10, 11, 12, 13, 17, 24 and 25. *Id*. Lexington argues that in light of the parties' stipulation, discovery regarding the Water Damage Extension

ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANT'S MOTION FOR PROTECTIVE ORDER ON PLAINTIFF'S FRCP 30(B)(6) TOPICS - 4

Endorsement, Exclusion R of the Builders Risk Policy and water damage deductibles is unnecessary and overly burdensome. *Id*.

Swinerton has opposed the motion for protective order arguing that the discovery sough is highly relevant, allowed under Washington law and proportional to the needs of the case. Dkt. 37. Additionally, in the opposition Swinerton stated that it would withdraw the request for testimony regarding the deductible. *Id*.

CHALLENGED DEPOSITION TOPICS

Lexington moves to strike the following topics from Swinerton's notice of deposition:

> Deposition Topic No 5: The underwriting RELATING TO the issuance of an Interior Water Damage Extension Endorsement, attached hereto as Exhibit "A", to the POLICY.
>
> Deposition Topic No. 6: The deductible(s) to be applied by the POLICY including but not limited to loss RELATING TO water damage.
>
> Deposition Topic No. 7: The deductible to be applied by the POLICY RELATING TO the Interior Water Damage Extension Endorsement, attached hereto as Exhibit "A."
>
> Deposition Topic No. 8: COMMUNICATIONS between YOU and any broker, including but not limited to Marsh Risk & Insurance Services, REGARDING the deductible(s) to be applied by the POLICY including but not limited to loss RELATING TO water damage.
>
> Deposition Topic No. 9: COMMUNICATIONS between YOU and any broker, including but not limited to Marsh Risk & Insurance Services, REGARDING the deductible to be applied by the POLICY RELATING TO the Interior Water Damage Extension Endorsement, attached hereto as Exhibit "A."
>
> Deposition Topic No. 10: COMMUNICATIONS between YOU and any and all insureds under the POLICY REGARDING the deductible(s) to be applied by the POLICY including but not limited to loss RELATING TO water damage.

ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANT'S MOTION FOR PROTECTIVE ORDER ON PLAINTIFF'S FRCP 30(B)(6) TOPICS - 5

> Deposition Topic No. 11: COMMUNICATIONS between YOU and any other PERSON REGARDING the deductible to be applied by the POLICY RELATING TO the Interior Water Damage Extension Endorsement, attached hereto as Exhibit "A."
>
> Deposition Topic No. 12: COMMUNICATIONS between YOU and any other PERSON REGARDING the deductible(s) to be applied by the POLICY including but not limited to loss RELATING TO water damage.
>
> Deposition Topic No. 13: COMMUNICATIONS between YOU and any and all insureds under the POLICY REGARDING the deductible to be applied by the POLICY RELATING TO the Interior Water Damage Extension Endorsement, attached hereto as Exhibit "A."
>
> Deposition Topic No. 17: COMMUNICATIONS between YOU and any other PERSON REGARDING the issuance of an Interior Water Damage Extension Endorsement, attached hereto as Exhibit "A", to the POLICY
>
> Deposition Topic No. 24: The underwriting, claims handling, operating and training manuals, directives, guidelines, bulletins, circulars, best practices, and/or directives discussing the application of Exclusion R. under the POLICY.
>
> Deposition Topic No. 25: The underwriting, claims handling, operating and training manuals, directives, guidelines, bulletins, circulars, best practices, and/or directives discussing the application of the Interior Water Damage Extension Endorsement, attached hereto as Exhibit "A."

Dkt. 34-1, Plaintiff Swinerton Builders' Notice of 30(b)(6) Deposition of Lexington Insurance Company (emphasis in original).

DISCUSSION

"When parties have entered into stipulations as to material facts, our duty is to treat such facts as having been established by the clearest proof." *Schlemmer v. Provident Life & Acc. Ins. Co.,* 349 F.2d 682, 684 (9th Cir. 1965) (quoting *Gambill v. United States,* 276 F.2d 180, 181 (6th Cir. 1960)).

Pursuant to Fed. R. Civ. P. 30(b)(6) a party may serve notice on an organization that describes "with reasonable particularity the matters for examination." The

organization must then "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). The designated person "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

Fed. R. Civ. P. 30(b)(6) does not set out its own discovery standard. Instead, once a witness satisfies the standards for a designated witness under Rule 30, the scope of the deposition is determined by Fed. R. Civ. P. 26. *Detoy v. City & County of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000). Under Rule 26(b)(1) a party may obtain discovery regarding all relevant nonprivileged matters that are proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

To determine proportionality, the Court must consider, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." *Id*. Additionally, relevant information need not be admissible in evidence in order to be discoverable. *Id*.

The Court, on motion or on its own, "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that … the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2). Further, pursuant to Fed. R. Civ. P. 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

A party seeking a protective order carries a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The court may be inventive and fashion an order in the interests of justice as required to protect a party, or person, from undue burden, oppression, or expense. *United States v. Columbia Broadcasting Systems, Inc.*, 666 F.2d 364, 369 (9th Cir. 1982).

A. Topics 6, 7, 8, 9, 10, 11, 12, 13

Topics 6, through 13 relate to the deductibles that would be applicable to the Builders Risk Policy and the Interior Water Damage Extension Endorsement. Dkt. 34-1, Plaintiff Swinerton Builders' Notice of 30(b)(6) Deposition of Lexington Insurance Company, at 7-8.

The parties have stipulated that, for the purposes of these claims, "the Water Damage Deductible will remain as $25,000 per Occurrence". Dkt. 32, Stipulation Regarding Exclusion R. Swinerton has stated that this Stipulation has resolved issues concerning the amount of deductible applied to the losses underlying this litigation. Dkt. 37, Plaintiff's Swinerton Builders' Opposition to Motion for Protective Order, at 11. Accordingly, Swinerton has withdrawn these topics, subject to renewing the FRCP 30(b)(6) notice if a dispute about the deductible arises in the future. *Id*.

Based on the foregoing, the Court strikes Topics 6, 7, 8, 9, 10, 11, 12, and 13 of Plaintiff Swinerton Builder's Notice of 30(b)(6) Deposition of Lexington Insurance Company.

B. Topics 5, 17, 24, 25

Lexington contends that the topics regarding the Interior Water Damage Extension Endorsement are unnecessary and irrelevant because the Endorsement is not part of the relevant Builders Risk Policy. Dkt. 33 at 10-11. Accordingly, Lexington argues that seeking discovery on these topics would be an unnecessary use of time and expenses based on subjects either already contained in the Stipulation or completely irrelevant to the coverage provided by the Builders Risk Policy. *Id*.

Swinerton contends that these topics are relevant to determining how the Builders Risk Policy is applied, whether any changes were made to the Builders Risk Policy and whether the policy language is ambiguous. Dkt. 37 at 7-9. Swinerton also argues that under Washington's "context rule" the proposed deposition topics are relevant to the context of Lexington's decision to add the Endorsement and delete the rain exclusion. Dkt. 37 at 8-9.

Under the Erie Doctrine, a federal court considering a diversity jurisdiction case will apply federal procedural law, and state substantive law. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938); *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). The Washington Supreme Court interprets the language in an insurance policy as a matter of law. *Daniels v. State Farm Mutual Automobile Insurance Company,* 193 Wn.2d 563, 580 (2019). When determining duties imposed by a contract, words and phrases should not be considered in isolation. *Moeller v. Farmers Ins. Co. of Wash.*, 173 Wn.2d 264, 271 (2011). The Court must consider the contract in its entirety and "attempt to give effect to each provision." *Id*. at 272 (internal quotation omitted).

Washington courts use the "context rule" when interpreting contracts. *Berg v. Hudesman*, 115 Wn.2d 657, 667-670 (1990). The context rule allows the court to consider extrinsic evidence as an aid to ascertaining the parties' intent and meaning of contract language, regardless of whether the contract language is ambiguous. *Id*. This rule allows the court to consider extrinsic evidence of the entire circumstances under which a contract was made as an aid in determining the parties' intent. *Id*.

The purpose of this rule is to help understand the meaning of specific words and terms in the contract, "not to show an intention independent of the instrument or to vary, contradict or modify the written word." *Hearst Commc'ns, Inc. v. Seattle Times*, 154 Wn.2d 493, 503 (2005) (internal quotations omitted). Ultimately, the parties' intent must be determined based on the objective manifestations of the written agreement itself, not the unexpressed subjective intent of the parties. *Condon v. Condon*, 177 Wn.2d 150, 162 (2013).

Further, when interpreting contracts, "the subjective intent of the parties is generally irrelevant if the intent can be determined from the actual words used." *Hearst Commc'ns, Inc.*, 154 Wn.2d at 503-04. The Court's duty is "to declare the meaning of what is written, and not what was intended to be written". *Condon*, 177 Wn.2d at 162 (quoting *J.W. Seavey Hop Corp. v. Pollock,* 20 Wn.2d 337, 349 (1944)).

1. Topic 5

Topic 5 states: "The underwriting RELATING TO the issuance of an Interior Water Damage Extension Endorsement, attached hereto as Exhibit "A", to the POLICY."

The parties agree that the Interior Water Damage Extension Endorsement cited by this Topic was, as a result of a mistake, excluded from the Builders Risk Policy. Dkt.

32, Stipulation. The parties do not agree as to the impact of the stipulation. Plaintiff argues that Dkt. 32, the stipulation by the parties to this litigation, means that the Interior Water Damage Extension Endorsement is effectively part of the Policy for purposes of the claims in this case, even though the parties to the Policy (including the owner of the project, who is not a party to this litigation) did not take the necessary steps to reform the contract. Dkt. 37. The defendant argues that Exclusion R has been withdrawn pursuant to the stipulation, but asserts the Interior Water Damage Extension Endorsement is not part of the Policy, because the stipulation does not include a reformation of the Policy, and the plaintiff did not include a claim for reformation in the Complaint. Dkt. 42.

This topic is relevant to plaintiff's breach of contract claim, good faith and fair dealing claim, the insurance fair conduct claim, the consumer protection claim, and the declaratory judgment action. The defendant contends, as stated in the motion documents, that the Policy has not been reformed to include the Interior Water Damage Extension Endorsement. The defendant asserts that the only clear effect of the stipulation is that the defendant will not rely on Exclusion R as a defense, and the water damage deductible is agreed to be $25,000 per occurrence. Accordingly, information regarding the underwriting process that relates to the absence of an Interior Water Damage Extension Endorsement -- that defendant asserts is not part of the Builders Risk Policy -- is relevant in this action. Based on the foregoing, this Topic is relevant to a party's claim or defense and the burden of responding to such discovery does not outweigh the Topic's likely benefit.

The Court denies Lexington's motion for protective order on this topic and allows Topic 5 of Plaintiff Swinerton Builder's Notice of 30(b)(6) Deposition of Lexington Insurance Company.

2. Topic 17

Topic 17 states: "COMMUNICATIONS between YOU and any other PERSON REGARDING the issuance of an Interior Water Damage Extension Endorsement, attached hereto as Exhibit "A", to the POLICY

The parties agree that the owner of the project and Lexington intended for the Builders Risk Policy to include coverage for loss or damage to insured property caused by, arising out of, contributed to, or resulting from rain, snow, sleet or ice entering the interior of any building or structure. Dkt. 32, Stipulation Regarding Exclusion R. The parties also agree that the Builders Risk Policy was issued without any interior water damage coverage extension. *Id*.

For each claim that plaintiff has made against Lexington, the process by which the underwriting was handled, with respect to the mistakenly omitted Interior Water Damage Extension Endorsement, is relevant. Dkt. 1, Complaint. Among other relevant issues, communications regarding who was responsible for the decisions and implementation of the final language of the issued Policy, as well as when, how, and why, the Interior Water Damage Extension Endorsement was left out of the Policy, are potentially relevant to the issue of bad faith as it relates to the exclusion of the endorsement from the Builders Risk Policy. Additionally, Lexington has not made a showing that specific prejudice or harm will result if the Court does not strike this Topic.

Based on the foregoing, the Court denies Lexington's motion for protective order on Deposition Topic 17 of Plaintiff Swinerton Builder's Notice of 30(b)(6) Deposition of Lexington Insurance Company.

3. Topic 24

Topic 24 states: "The underwriting, claims handling, operating and training manuals, directives, guidelines, bulletins, circulars, best practices, and/or directives discussing the application of Exclusion R. under the POLICY."

Lexington denied Swinerton's claims based in part on Exclusion R of the Builders Risk Policy. Dkt. 1, Denial Letter (08/03/2020) at 67. Further, the parties stipulated that the owner of the project and Lexington intended for the Builders Risk Policy to include coverage for loss or damage caused by rain, snow, sleet, or ice entering the interior of any building or structure undergoing construction. Dkt. 32, Stipulation Regarding Exclusion R. Further, the parties stipulated that Lexington would not rely on Exclusion R of the Builders Risk Policy. *Id*.

Swinerton's complaint contends that Lexington acted in bad faith in denying Swinerton's claims related to water damage caused by rain. Dkt. 1, Complaint. Although Lexington has agreed to not rely on Exclusion R as a defense in this action, the original claim denial cited Exclusion R as a basis to reject coverage. Dkt. 1, Denial Letter (08/03/2020), at 67. It follows that discovery regarding a basis used to deny coverage is relevant to plaintiff's claims. Further, Lexington has not made a showing that specific prejudice or harm will result if the Court does not strike this Topic.

Based on the foregoing, the Court denies Lexington's motion for protective order on Deposition Topic 24 of Plaintiff Swinerton Builder's Notice of 30(b)(6) Deposition of Lexington Insurance Company.

4. Topic 25

Topic 25 states: "The underwriting, claims handling, operating and training manuals, directives, guidelines, bulletins, circulars, best practices, and/or directives discussing the application of the Interior Water Damage Extension Endorsement, attached hereto as Exhibit "A."

The parties agree that the Interior Water Damage Extension Endorsement cited by this Topic was mistakenly not included in the Builders Risk Policy.

Under Washington law, an insurance contract is interpreted under the context rule; documents that are not included in the written agreement cannot be used to vary, contradict or add terms to the written agreement. Yet, discovery regarding how this mistakenly dropped Interior Water Damage Extension Endorsement provision of the Policy is applied in other instances or would hypothetically be applied if included in the Policy in dispute is relevant to plaintiff's claims concerning good faith and fair dealing, insurance bad faith, and consumer protection.

Based on the foregoing, the Court denies Lexington's motion for protective order on this topic and allows Topic 25 of Plaintiff Swinerton Builder's Notice of 30(b)(6) Deposition of Lexington Insurance Company.

ORDER GRANTING IN PART, AND DENYING IN
PART, DEFENDANT'S MOTION FOR PROTECTIVE
ORDER ON PLAINTIFF'S FRCP 30(B)(6) TOPICS - 14

CONCLUSION

The Court DENIES the defendant's motion for a protective order regarding Topics 5, 17, 24, 25. With respect to the other topics that were the subject of defendant's motion, the Court GRANTS the protective order as to Topics 6 through 13.

Dated this 26th day of January, 2022.

Theresa L. Fricke
United States Magistrate Judge