UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SWINERTON BUILDERS,

          Plaintiff,

v.

LEXINGTON INSURANCE COMPANY,

          Defendant.

Case No. 2:21-cv-259-RAJ-TLF

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SERVE 15 MORE INTERROGATORIES

This matter comes before the Court on Swinerton Builders' ("Swinerton") motion for leave to serve 15 more interrogatories on Lexington Insurance Company ("Lexington"). Dkt. 163. Lexington contends Swinerton failed to meet and confer in good faith about the issues raised in the motion. Dkt. 165. Swinerton's motion is interpreted by the Court as a motion to compel Lexington to respond to more discovery requests, and is denied without prejudice, for failing to comply with The Local Civil Rules (LCR) of the Western District of Washington, LCR 1(a), LCR 1(c)(6), LCR 26(f), LCR 37(a)(1).

The Local Civil Rules (LCR) of the Western District of Washington specify the conduct necessary to show good faith. LCR 1(c)(6) and LCR 37(a)(1) require a face-to-face meeting, or phone meeting. Under LCR 37(a) the moving party is required to certify that they have "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." "A good faith effort to confer with a party or person not making a disclosure or

discovery requires a face-to-face meeting or a telephone conference." *Id.* If a party fails to make this required certification, "the court may deny the motion without addressing the merits of the dispute." *Id.*

The requirement to meet and confer in good faith is not simply a "formalistic prerequisite" for judicial resolution. *Selim v. Fivos, Inc.*, C22-1227-JCC, 2023 WL 3172467, at *2 (W.D. Wash. May 1, 2023) (citing *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015)). "A good faith effort to resolve discovery disputes requires an exchange of information until no additional progress is possible." *Beasley v. State Farm Mut. Auto. Ins. Co.*, C13-1106-RSL, 2014 WL 1268709, at *1 (W.D. Wash. Mar. 25, 2014).

Even when a certification is included, "[c]ourts may look beyond the certification to determine whether a sufficient meet-and-confer took place." *Selim*, 2023 WL 3172467, at *2 (citing *Cardoza*, 141 F. Supp. 3d 1145).

Swinerton, here, certifies that on October 29, 2024, counsel "met and conferred with counsel for Lexington regarding the need for additional interrogatories." Dkt. 164, Declaration of Joseph L. Oliva, at ¶4. This meet and confer entailed one email from Swinerton's counsel to Lexington's counsel asking whether Lexington would stipulate to Swinerton serving another 15 interrogatories on October 29, 2024. *Id.* at Exhibit C. Lexington responded to the email on November 1, 2024, stating that it does not agree to the request. *Id.* Swinerton filed the instant motion on November 15, 2024. Dkt. 163.

The goal of LCR 37(a)(1) is to encourage parties to resolve discovery disputes without unnecessarily involving the Court. Parties must make a genuine effort, and this includes meeting in person physically or electronically by video conference, or meeting

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE
TO SERVE 15 MORE INTERROGATORIES - 2

by phone. LCR 37(a)(1). While Swinerton filed a certification that it met and conferred with Lexington before filing this discovery motion, the certification did not show that Swinerton complied with LCR 37. Neither a face-to-face meeting in person or by videoconference, nor a telephone meeting, occurred here.[1]

Therefore, the Court will not address the merits of the dispute and DENIES, without prejudice, Swinerton's motion for leave to serve 15 additional interrogatories.

Dated this 23rd day of December, 2024.

Theresa L. Fricke
United States Magistrate Judge

---

[1] Lexington also states that Swinerton disregarded District Judge Richard A. Jones' General Motions Practice, which also provides guidance to parties regarding the meet and confer requirement. *See* General Motions Practice (Civil).pdf (uscourts.gov). The parties are expected to follow the Chambers Procedures (as shown on Judge Jones' judicial web page) before filing any motions. See LCR 16(b)(3).

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE
TO SERVE 15 MORE INTERROGATORIES - 3